1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>　　　　　　Plaintiff,<br>　　v.<br>PLUS MONEY, INC, and MATTHEW LA MADRID<br>　　　　　　Defendants;<br>　　and<br>THE PREMIUM RETURN FUND LIMITED-LIABILITY LIMITED PARTNERSHIP, THE PREMIUM RETURN FUND II LIMITED-LIABILITY LIMITED PARTNERSHIP, THE PREMIUM RETURN FUND III LIMITED-LIABILITY LIMITED PARTNERSHIP, RETURN FUND, LLC, RETURN FUND II, LLC, RETURN FUND III, LLC, RETURN FUND IV, LLC, RETURN FUND V, LLC, RETURN FUND VI, LLC, PALLADIUM HOLDING COMPANY, and DONALD LOPEZ,<br>　　　　　　Relief Defendants. | Case No.  3:08cv0764 BEN (NLS)<br><br>**TEMPORARY RESTRAINING ORDER;<br>(1) FREEZING ASSETS; AND<br>(2) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND ORDER TO SHOW CAUSE REGARDING PRELIMINARY INJUNCTION** |

This matter came to be heard upon Plaintiff Securities and Exchange Commission's ("Commission") *Ex Parte* Application For A Temporary Restraining Order; Orders: (1) Freezing Assets; (2) Appointing a Temporary Receiver (3) Requiring Accountings; (4) Prohibiting The Destruction Of Documents, (5) Granting Expedited Discovery; And Order To Show Cause Re Preliminary Injunction and Appointment of A Permanent Receiver (the "Application"). The Court, having considered the Commission's Complaint, the Application, the supporting Memorandum of Points and Authorities, Declarations and Exhibits, and all other evidence and argument presented regarding the Application, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action;

B. Good cause exists to believe that Defendants Plus Money, Inc. ("Plus Money") and Matthew "Beau" La Madrid ("La Madrid"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business which constitute violations of Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 ("Advisers Act"), 15 U.S.C. § 80b-6(1), (2) and (4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8;

C. The Commission has demonstrated a probability of success on the merits in this case; and the possibility of dissipation of assets;

D. Good cause exists to believe that Defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined; and

E. It is appropriate, and the interests of justice require, that the Application be granted without notice to Defendants as the Commission has certified in writing pursuant to Federal Rule of Civil Procedure 65(b) and Local Rule 83.3(h) the reasons supporting the Commission's claim that notice should not be required, and it appears from specific facts shown by the declarations and other supporting evidence filed by the Commission that immediate and irreparable injury, loss, or damage will result if notice to Defendants is given.

///

///

**I.**

IT IS HEREBY ORDERED that the Commission's *Ex Parte* Application is hereby GRANTED in part.

**II.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Plus Money and La Madrid and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

    A.    employing any device, scheme, or artifice to defraud any client or prospective client; and

    B.    engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client, in violation of Sections 206(1) and (2) of the Advisers Act, 15 U.S.C. § 80b-6(1) and (2).

**III.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendants Plus Money and La Madrid and their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly by the use of the mails or any means or instrumentality of interstate commerce:

    A.    making any untrue statement of a material fact or omitting to state a material fact necessary to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; and

///

3

      B.      engaging in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle, in violation of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8 thereunder, 17 C.F.R. § 275.206(4)-8.

## IV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Plus Money and La Madrid, and Relief Defendants The Premium Return Fund Limited-Liability Limited Partnership, The Premium Return Fund II Limited-Liability Limited Partnership, The Premium Return Fund III Limited-Liability Limited Partnership, Return Fund I, LLC, Return Fund II, LLC, Return Fund III, LLC, Return Fund IV, LLC, Return Fund V, LLC, Return Fund VI, LLC, Palladium Holding Company, and Donald Lopez (collectively, the "Relief Defendants"), and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of Defendants Plus Money and La Madrid, and the Relief Defendants, and their subsidiaries and affiliates, whether owned by, controlled by, managed by or in the possession or custody of any of them and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or the credit arrangement, of Defendants Plus Money and La Madrid, and the Relief Defendants, and their subsidiaries and affiliates.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice

4

to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm, all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Defendants Plus Money and La Madrid, or the Relief Defendants, or any trust, partnership, joint venture, person or entity affiliated with them (including subsidiaries), including but not limited to the following accounts:

| Financial Institution | Account Name | Account Number |
|---|---|---|
| Bank of America | Matthew La Madrid / DBA Vision Quest Investments | 02600-9593 |
| California Bank & Trust | Matthew La Madrid | 2030026026 |
| Charles Schwab & Co. | The Premium Return Fund I, L.L.L.P A Partnership | 8039-0141 |
| Charles Schwab & Co. | The Premium Return Fund II, L.L.L.P A Partnership | 5045-7535 |
| Charles Schwab & Co. | The Premium Return Fund III, L.L.L.P A Partnership | 6058-2121 |
| Charles Schwab & Co. | Matthew Eric La Madrid | 3080-1748 |
| Charles Schwab & Co. | Matthew Eric La Madrid | 4113-6563 |
| Charles Schwab & Co. | Matthew Eric La Madrid | 5333-3398 |
| Huntington National Bank | Palladium Holding Company | 27-001064-5 |
| Huntington National Bank | Palladium Holding Company | 29-001116-7 |
| Huntington National Bank | Donald Lopez | 20-010789-5 |
| EKN Financial Services, Inc. | Palladium Holding Company | 4419-5861 |

**VI.**

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, Defendants Plus Money and La Madrid, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are temporarily restrained and enjoined from, directly or indirectly, destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to Defendants Plus Money and La Madrid, or the Relief Defendants.

**VII.**

IT IS FURTHER ORDERED that this Temporary Restraining Order shall expire at 5 o'clock p.m. on May 14, 2008, unless, for good cause shown, it is extended or unless the parties against whom it is directed consent that it may be extended for a longer period.

**VIII.**

IT IS FURTHER ORDERED that at 9:30 a.m. on May 14, 2008, or as soon thereafter as the parties can be heard, Defendants, and each of them, shall appear before the Honorable Roger T. Benitez, Judge of the United States District Court for the Southern District of California, to show cause, if there be any, why a preliminary injunction should not be granted in accordance with the prayer for relief contained in the Complaint filed by the Commission. Any declarations, affidavits, points and authorities, or other submissions in support of, or in opposition to, the issuance of such an Order shall be filed with the Court and delivered to the Commission's Los Angeles Regional Office and the offices of Defendants and/or their attorneys no later than 12:00 o'clock p.m. on May 12, 2008. Any reply papers shall be filed with the Court and delivered to

opposing counsel no later than 12:00 o'clock p.m. on May 13, 2008. Service of all such papers shall be made by facsimile or personal service.

**IX.**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

TIME: 2:30 O'clock p.m.

DATED: April 30, 2008

Hon. Roger T. Benitez
United States District Judge

7